# United States District Court
# Central District of California

| | |
|---|---|
| MARK THOMAS GRANDE,<br><br>    Plaintiff,<br><br>    v.<br><br>SHARPER FUTURE et al.,<br><br>    Defendants. | Case No: 2:19-cv-02471-ODW (AGR)<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR A TEMPORARY RESTRAINING ORDER [2]** |

## I.  INTRODUCTION

Presently before the Court is Plaintiff's Request for a Temporary Restraining Order ("TRO" or "Request") to prevent Plaintiff from being housed in Los Angeles County Jail in the event his parole is violated, either during this litigation or Plaintiff's parole. (TRO 2, ECF No. 2.) For the reasons discussed below, the Court **DENIES** the TRO.[1]

## II.  BACKGROUND

Mark T. Grande, Plaintiff in pro se, was released from the California Department of Corrections on June 5, 2016, after serving six years for rape. (Compl. 4, ECF No. 1.) He is currently on parole for a term of three years. (*Id.*) His parole requires successful completion of a mandated sex offender treatment program

---

[1] After carefully considering the papers filed in connection with the Request, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; C.D. Cal. L.R. 7-15.

pursuant to California Penal Code section 3008(d)(2). (*Id.*) Since his release, Plaintiff has been assigned to three different programs for sex offender treatment, but he has not completed any program. (*Id.* at 5.) On April 2, 2019, Plaintiff initiated this action against the program operators, Sharper Future, About Face, and Orange Psychological; doctors, Drs. Abary, Weller, Gentry, Baca, Maram, and Rice; and the California Sex Offender Management Board ("CASOMB") (collectively, "Defendants"), alleging Eighth and Fourteenth Amendment violations. (*Id.* at 1.)

In his Complaint, Plaintiff alleges that the contracted program providers and doctors have no consistent curricula and each program individually fails to provide a clear curriculum to parolees, thus preventing parolees from completing any program. (*Id.* at 4–5.) Plaintiff alleges that Defendant CASOMB fails to oversee the programs to ensure they provide the necessary treatment. (*Id.* at 4.) Plaintiff claims this lack of oversight and failure to provide a clear curricula for completing mandated sex offender treatment is (1) cruel and unusual punishment in violation of the Eighth Amendment, and (2) a deprivation of his liberty in violation of the Fourteenth Amendment because without a "clear cut way to finish treatment, he was forced to continue in a program he should have been finished with." (*Id.* at 25.)

Simultaneous with his Complaint, Plaintiff also requests service on Defendants by U.S. Marshalls and a TRO. (Req. for Marshall Service, ECF No. 2; TRO.) Although his TRO request is somewhat unclear, Plaintiff appears to fear his parole will be violated by either the Parole Department or the Los Angeles County Sheriff's Department, in retaliation for his bringing this action because he has "successfully one [sic] [l]awsuits against several deputies and correctional assistants" within the Sheriff's Department. (TRO 1–2.) Plaintiff notes that on a previous parole violation, while housed at the Los Angeles County Jail, Plaintiff was "stalked" and harassed" by a correctional assistant named Sandoval. (*Id.* at 2.) Plaintiff asserts that he "fear[s] for life or limb" if housed at Los Angeles County Jail. (*Id.* (emphasis omitted).) He seeks a TRO ordering that, if his parole is violated, he shall be housed at a location

other than the Los Angeles County Jail. (*Id.* at 3.) He also seeks mandatory protective custody, wherever he is housed, in the event his parole is violated. (*Id.*)

### III. LEGAL STANDARD

"An application for a temporary restraining order involves the invocation of a drastic remedy which a court of equity ordinarily does not grant, unless a very strong showing is made of a necessity and desirability of such action." *Youngstown Sheet & Tube Co. v. Sawyer*, 103 F. Supp. 978, 980 (D.D.C. 1952). The standard for issuing a temporary restraining order is "substantially identical" to that for issuing a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001). Pursuant to Federal Rule of Civil Procedure 65, a court may grant preliminary injunctive relief to prevent "immediate and irreparable injury." Fed. R. Civ. P. 65(b). To obtain this relief, a plaintiff must make a clear showing that (1) "he is likely to succeed on the merits"; (2) "he is likely to suffer irreparable harm in the absence of preliminary relief"; (3) "the balance of equities tips in his favor"; and (4) "an injunction is in the public interest." *Am. Trucking Ass'ns, Inc. v. City of Los Angeles*, 559 F.3d 1046, 1052 (9th Cir. 2009) (quoting *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). The "clear showing" requirement is particularly strong when a party seeks a TRO. *See Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

### IV. DISCUSSION

**A. Procedural Requirements**

Local Rule 65-1 sets out the procedure required in the Central District of California for a party seeking a TRO. *See* C.D. Cal. L.R. 65-1. "A party seeking a [TRO] must submit an application, a proposed TRO, and a proposed order to show cause why a preliminary injunction should not issue." *Id.* Here, Plaintiff has submitted a Request for a TRO (ECF No. 2) and a proposed Order Granting Proposed Temporary Restraining Order (ECF No. 2-1). Even construing Plaintiff's TRO as an

"Application," he submitted no proposed order to show cause why a preliminary injunction should not issue.

Federal Rule of Civil Procedure 65 also requires specific procedures for seeking a TRO without notice. A court may issue a TRO without notice to the adverse party or its attorney *only if* the application is supported by an affidavit establishing immediate and irreparable injury will occur before notice can be given, what efforts have been made to give notice, and the reasons why notice should not be required if no notice was given. Fed. R. Civ. P. 65(b)(1); *see K-2 Ski Co. v. Head Ski Co.*, 467 F.2d 1087, 1088 (9th Cir. 1972) ("A verified complaint or supporting affidavits may afford the basis for a preliminary injunction . . . ."). It appears that Plaintiff has not provided notice to Defendants of any documents in this matter, including his TRO request. (*See* Request for Marshall Service.) Plaintiff also submits no evidence or affidavit establishing immediate and irreparable injury will occur before notice can be given. Plaintiff does not mention notice to Defendants or parties to be enjoined, nor does he suggest reasons why notice should not be required.

Plaintiff fails to comply with the Local and Federal Rules governing injunctive relief or offer any evidence supporting his request. Thus, the Court denies the TRO.

**B.      Persons to be Enjoined**

Federal Rule of Civil Procedure 65 provides that a temporary restraining order may bind only parties, their officers, agents, servants, employees, and attorneys, and others acting in concert with them, who receive actual notice of the order. Fed. R. Civ. Proc. 65(d)(2). A court "may not attempt to determine the rights of persons not before the court." *Zepeda v. United States INS*, 753 F.2d 719, 727 (9th Cir. 1983). Plaintiff seeks to enjoin unnamed individuals or entities from causing him to be housed at the Los Angeles County Jail in the event his parole is violated. (TRO 3.) Further, even construing Plaintiff's Request as seeking to enjoin the "Parole Department" or the "Los Angeles County Sheriff's Department" (TRO 1–2), neither of these entities is a party to this action. The Court cannot enjoin parties not before

the Court. *Hitchman Coal & Coke Co. v. Mitchell*, 245 U.S. 229, 234–35 (1917); *Zepeda*, 753 F.2d at 727 (9th Cir. 1983). Accordingly, the Court denies the TRO.

**C.     Standing**

Finally, Plaintiff must have Article III constitutional standing to obtain injunctive relief. "To seek injunctive relief, a plaintiff must show that he is under threat of suffering 'injury in fact' that is concrete and particularized; the threat must be actual and imminent, not conjectural or hypothetical; it must be fairly traceable to the challenged action of the defendant; and it must be likely that a favorable judicial decision will prevent or redress the injury." *Summers v. Earth Island Inst.*, 555 U.S. 488, 493 (2009); *Shell Offshore, Inc. v. Greenpeace, Inc.* 709 F.3d 1281, 1286–87 (9th Cir. 2013).

Plaintiff submits no evidence other than unsworn pleading allegations to support the notion that he will be injured by the conduct he seeks to enjoin. He asserts that he fears his parole *might* be violated in retaliation for this lawsuit. However, he does not allege that his parole has been violated, that any individual or entity has threatened to cause it to be violated, or otherwise support the notion that such a violation is actual and imminent. Nor does Plaintiff's assertion that a correctional assistant at Los Angeles County Jail has, in the past, "stalked and harassed him" sufficiently link a hypothetical future parole violation to the hypothetical future harm he fears, that "his life will be in danger" if housed there again. (TRO 2.) Such speculative harm is not actual or imminent and does not convey standing for injunctive relief. *See Lee v. Oregon*, 107 F.3d 1382, 1389 (9th Cir. 1997) (discussing that courts in the Ninth Circuit "have repeatedly found a lack of standing where the litigant's claim relies upon a chain of speculative contingencies"). Consequently, Plaintiff lacks standing to seek the TRO.[2]

---

[2] As Plaintiff's Request fails for the above reasons, the Court does not reach the *Winter* factors. *See Winter*, 555 U.S. at 20 (2008).

## V. CONCLUSION

For the reasons set forth above, the Court **DENIES** Plaintiff's Request for a Temporary Restraining Order. (ECF No. 2.)

**IT IS SO ORDERED.**

April 5, 2019

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**